**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABURTO BRAYAN,<br><br>    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, PAMELA JO BONDI, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>    Respondents. | No. 26-cv-01037-BTM-JLB<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Aburto Brayan's amended petition for a writ of habeas corpus. The Court finds that the record is sufficient to rule on the papers and that oral argument would not aid in the resolution of this matter.

**A.    Background**

Petitioner, a native of Nicaragua, arrived at the border on November 21, 2022. Petitioner was taken into custody and then released. Petitioner seeks asylum and has filed an asylum application, which remains pending. Petitioner has complied with the conditions of his release, including reporting to every check-in. Petitioner reported to a check-in on November 19, 2025, when he was re-detained. The Government did not claim that any changed circumstances warranted Petitioner's re-detention.

Petitioner now seeks habeas relief and claims that his re-detention was contrary to the Due Process Clause and the Administrative Procedure Act. The Government claims that this Court lacks jurisdiction and that Petitioner is lawfully detained under 8 U.S.C. § 1225.

**B.    Discussion**

This Court has jurisdiction to review Petitioner's challenge to his detention. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See id.*; *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

The Court agrees that when the Government releases a noncitizen, the noncitizen obtains a liberty interest in remaining released from custody. *See Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 U.S. Dist. LEXIS 142213, *8 (N.D. Cal. July 24, 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal

proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *see id.* (collecting cases so holding).  This liberty interest, the Court rules, may not be infringed arbitrarily.

It is well established that the Government's power to detain must be grounded in a proper reason or purpose.  *See Zadvydas v. Davis*, 533 U.S. 678, 590 (2001); *see also Pinchi*, 2025 U.S. Dist. LEXIS 142213, *13 ("Civil immigration detention is permissible only to prevent flight or protect against danger to the community.").  Because the Government determined that the Petitioner was entitled to be released, the Government has no legitimate reason to re-detain Petitioner without a change in circumstances or a valid justification.  The Government's Return does not identify any valid reason for the revocation of Petitioner's release.  Indeed, the Return does not even offer a single reason for the revocation of Petitioner's release.

Instead, the Government contends that the revocation of Petitioner's release is not reviewable.  But "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).  In short, because the revocation of Petitioner's release lacked any purported justification, that revocation failed to comport with due process.  Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation.  *See Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *29 (S.D. Cal. Oct. 1, 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, ____ (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)).  Respondents failed to comply with these due process requirements.

The Court finds unpersuasive the Government's reliance on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), and *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953).

In *Thuraissigiam*, the Court held that the respondent, a noncitizen apprehended near the border shortly after unlawfully entering the country, had "only those rights regarding admission that Congress has provided by statute." 591 U.S. at 107. Because the respondent was apprehended near the border and thus had no connections to the country, he had no right to claim due process protections for admission above those set out by Congress. *Id.* Here, however, Petitioner was released into the country and thus "established connections in this country" and has "due process rights." *Id.*; *accord Bora v. Otay Mesa Det. Ctr. Warden*, No. 25-cv-3392-JES-VET, 2025 U.S. Dist. LEXIS 256021, *5-6 (S.D. Cal. Dec. 10, 2025) ("Indeed, even the *Thuraissigiam* opinion itself recognized that aliens who have established connections in this country have due process rights in deportation proceedings." (quotation marks and citation omitted)).

In *Mezei*, the Court held that Mezei, a noncitizen "on the threshold of initial entry," was properly excluded from the United States. But the *Mezei* court was faced with "the special circumstances of a national emergency and the determination by the Attorney General that Mezei presented a threat to national security." *Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003). *Mezei*'s holding has no application here, where Petitioner was released into the country and, in so releasing him, the Government at least presumed that he was not a danger to the community.

//
//
//
//
//
//
//

4

**C.      Conclusion**

The Respondents do not contend that the Petitioner is a danger to the community or a flight risk.   For the reasons stated, the amended habeas petition is granted. Respondents are ordered to immediately release Petitioner from custody under the previous conditions imposed.   Respondents shall confirm compliance with this order no later than March 31, 2026.   The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  March 30, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

5